JUSTICE COTTER,
concurring.
¶18 I concur in the Court’s Opinion. I write separately to state that my initial misgivings with Diaz’s arguments were quelled by the fact that the Legislature was lobbied in both 2011 and 2013 to repeal §§2-18-901 and -902, MCA, and to authorize the coordination of benefits provision at issue in this case. In both years, the Legislature considered the arguments that the State makes here and rejected them. By 2013, the Legislature was presumably aware of our decisions in Diaz 7, and Blue Cross & Blue Shield of Mont. v. Mont. State Auditor, and yét it purposely declined to take the very action that the State now implores this Court to take.
¶19 We have stated: “As a general rule, the Montana public policy is prescribed by the legislature through its enactment of statutes.” Fisher v. State Farm Mut. Auto. Ins. Co., 2013 MT 208, ¶ 25, 371 Mont. 147, 305 P.3d 861 (citing Hardy v. Progressive Specialty Ins. Co., 2003 MT 85, ¶ 32, 315 Mont. 107, 67 P.3d 892). Particularly apropos here, we have also held that “when an amendment is offered to a pending bill and rejected, the intention of the legislature is manifest that the law shall not read as it would if the amendment had been accepted, and the courts cannot do ‘by construction what the legislature refused to do *399 by enactment.’ ”Murray Hosp. v. Angrove, 92 Mont. 101,[1]116, 10 P.2d 577, 583 (1932) (On Motion for Rehearing) (citations omitted).
¶20 I therefore concur.

 Currently, this case is incorrectly reported by Lexis as 92 Mont. 10. The Court is attempting to have this corrected.